UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TRUSTEES OF THE NATIONAL AUTOMATIC         )
SPRINKLER INDUSTRY WELFARE FUND,           )
TRUSTEES OF THE NATIONAL AUTOMATIC         )
SPRINKLER LOCAL 669 UA EDUCATION FUND,     )
TRUSTEES OF THE NATIONAL AUTOMATIC         )
SPRINKLER INDUSTRY PENSION FUND AND        )
TRUSTEES OF THE SPRINKLER INDUSTRY         )
SUPPLEMENTAL PENSION FUND                  )
8000 Corporate Drive                       )
Landover, MD  20785,                       )
                                           )
                        Plaintiffs,        )
                                           )
            v.                             ) C.A. NO.:
                                           )
FIREMATIC SPRINKLER, LLC a/k/a FIREMATIC   )
SPRINKLER COMPANY, INC.                    )
254 Charles A. Liddle Drive, Suite 1       )
Lawrenceburg, IN  47025                    )
                                           )
Serve:  Shannon Black, Registered Agent    )
        254 Charles A. Liddle Drive, Suite 1 )
        Lawrenceburg, IN  47025            )
                                           )
and                                        )
                                           )
FIREMATIC SPRINKLER, LLC                   )
254 Charles A. Liddle Drive, Suite 1       )
Lawrenceburg, IN  47025                    )
                                           )
Serve:  Shannon Black, Registered Agent    )
        254 Charles A. Liddle Drive, Suite 1 )
        Lawrenceburg, IN  47025            )
                                           )
and                                        )
                                           )
FIREMATIC SPRINKLER COMPANY, INC.          )
254 Charles A. Liddle Drive, Suite 1       )
Lawrenceburg, IN  47025                    )
                                           )
Serve:  Tony R. Connley, President         )
        254 Charles A. Liddle Drive, Suite 1 )
        Lawrenceburg, IN  47025            )
                                           )
                        Defendants.        )

## COMPLAINT

### (FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT, TO COLLECT CONTRIBUTIONS DUE TO PLAINTIFF FUNDS AND TO ENJOIN VIOLATIONS OF THE TERMS OF AN EMPLOYEE BENEFIT PLAN)

### PARTIES

1. Plaintiffs Trustees of the National Automatic Sprinkler Industry Welfare Fund, Trustees of the National Automatic Sprinkler Local 669 UA Education Fund, Trustees of the National Automatic Sprinkler Industry Pension Fund and Trustees of the Sprinkler Industry Supplemental Pension Fund (hereinafter "NASI Funds") are employee benefit plans as that term is defined in Section 3(3) of the Employee Retirement Income Security Act ("ERISA") of 1974, 29 U.S.C. § 1002(3). Plaintiff Funds are established and maintained according to the provisions of the Restated Agreements and Declarations of Trust establishing the NASI Funds (hereinafter "Trust Agreements") and the Collective Bargaining Agreement between Road Sprinkler Fitters Local Union No. 669 and the Defendant. The NASI Funds are administered at 8000 Corporate Drive, Landover, Maryland 20785.

2. Defendant Firematic Sprinkler, LLC is a corporation also known as Firematic Sprinkler Company and existing under the laws of the State of Indiana with offices located in Indiana. Defendant transacts business in the State of Indiana as a contractor or subcontractor in the sprinkler industry and all times herein was an "employer in an industry affecting commerce" as defined in Sections 501(1), (3), 2(2) of the Labor-Management Relations Act, 29 U.S.C. Sections 142(1), (3) and 152(2); Section 3(5), (9), (11), (12), (14) of ERISA, 29 U.S.C. Sections 1002(5), (9), (11), (12), (14); and Section 3 of the Multi-Employer Pension Plan Amendments of 1980, 29 U.S.C. § 1001(a).

3. Defendant Firematic Sprinkler, LLC is a corporation existing under the laws of the State of Indiana with offices located in Indiana. Defendant transacts business in the State of Indiana as a contractor or subcontractor in the sprinkler industry and all times herein was an "employer in an industry affecting commerce" as defined in Sections 501(1), (3), 2(2) of the Labor-Management Relations Act, 29 U.S.C. Sections 142(1), (3) and 152(2); Section 3(5), (9), (11), (12), (14) of ERISA, 29 U.S.C. Sections 1002(5), (9), (11), (12), (14); and Section 3 of the Multi-Employer Pension Plan Amendments of 1980, 29 U.S.C. § 1001(a).

4. Defendant Firematic Sprinkler Company is a business existing under the laws of the State of Indiana with offices located in Indiana. Defendant transacts business in the State of Indiana as a contractor or subcontractor in the sprinkler industry and all times herein was an "employer in an industry affecting commerce" as defined in Sections 501(1), (3), 2(2) of the Labor-Management Relations Act, 29 U.S.C. Sections 142(1), (3) and 152(2); Section 3(5), (9), (11), (12), (14) of ERISA, 29 U.S.C. Sections 1002(5), (9), (11), (12), (14); and Section 3 of the Multi-Employer Pension Plan Amendments of 1980, 29 U.S.C. § 1001(a).

## JURISDICTION

5. This Court has jurisdiction of this action under Sections 502 and 515 of the Employee Retirement Income Security Act, 29 U.S.C. §§ 1132 and 1145, and under Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185(a). This is an action for breach of a Collective Bargaining Agreement between an employer and a labor organization representing employees in an industry affecting commerce and an action to collect contributions due to employee benefit plans under the terms of the Collective Bargaining Agreement.

## COUNT I

6. Defendants are signatory to a Collective Bargaining Agreement with Sprinkler Fitters Local Union No. 669 which requires contributions to the NASI Funds for each hour of work by employees performing installation of automatic sprinkler systems.

7. Defendants employed certain employees covered by the Collective Bargaining Agreements during the months of March 2012 through the present.

8. Defendants are bound to the Trust Agreements and the Guidelines for Participation in the NASI Funds (hereinafter "Guidelines").

9. Defendants have failed to make contributions due to Plaintiff Funds for the months of January and February 2013. In addition, Defendants have failed to submit report forms for these months. Pursuant to the terms of the Collective Bargaining Agreement, Defendants are obligated to submit report forms and pay contributions owed to Plaintiff Funds.

10. Pursuant to Article VI, Section 6 of the Restated Agreements and Declarations of Trust establishing the NASI Funds, when an employer fails to file the properly completed report forms, in order to determine the amounts due, the Funds are authorized to project the delinquency amount using the following formula:

> . . . The Trustees may project as the amount of the delinquency the greater of the average for the monthly payments actually made by the Employer for the last three (3) months for which payments were made, or the average of the monthly payments made by the Employer for the last twelve (12) months for which payments were made. . .

11. Using report forms submitted for the last three (3) months for which actual payments were made, the projected delinquency for the months of January and February 2013 is $5,890.08 calculated as follows:

| Month | Hours |
|---|---|
| October 2012 | 160.0 |
| November 2012 | 176.0 |
| December 2012 | 168.0 |
| Average Monthly Hours: | 168.0 |

**Rates in Effect**

| | |
|---|---|
| Welfare | $8.42 |
| Education | $0.35 |
| Pension | $5.50 |
| SIS | $3.26 |

12. Defendants' contributions on behalf of its sprinkler fitter employees for the months of March 2012 through September 2012 were paid late. The specific amounts paid and the date in which the Defendants' contributions were received by the NASI Funds are set forth on the attached breakdown (Exhibit A).

13. Defendants' contributions owed on behalf of its sprinkler fitter employees for the months of January and February 2013 are late.

14. Pursuant to the Trust Agreements and the Guidelines, an employer who fails to pay the amounts required by the Collective Bargaining Agreement on time shall be obligated to pay liquidated damages as follows:

  (1) If payment is not received in the Funds Office by the 15th of the month, 10% of the amount is assessed.

  (2) An additional 5% is added if payment is not received in the Funds Office by the last working day of the month in which payment was due.

(3)   An additional 5% is added if payment is not received by the 15th of the month following the month in which payment was due.

15.   Pursuant to this provision, Defendants are obligated to Plaintiff NASI Funds in the amount of $8,288.13 for liquidated damages assessed on the late contributions for the months of March 2012 through September 2012, January 2013 and February 2013, plus interest at the rate provided in the Trust Agreements, the Guidelines and 29 U.S.C. Section 1132(g) from the date of delinquency to the date of payment.

**WHEREFORE**, in Count I, Plaintiff Funds pray judgment as follows:

A.   In the amount of $5,890.08 for contributions due for work performed in January and February 2013, plus costs, interest, and reasonable attorneys' fees, pursuant to the Collective Bargaining Agreements, the Trust Agreements, the Guidelines and 29 U.S.C. § 1132(g).

B.   In the amount of $8,288.13 for liquidated damages assessed on late contributions for the months of March 2012 through September 2012, January 2013 and February 2013, plus costs, interest, and reasonable attorneys' fees, pursuant to the Collective Bargaining Agreements, the Trust Agreements, the Guidelines and 29 U.S.C. § 1132(g).

C.   For all contributions and liquidated damages which become due subsequent to the filing of this action through the date of judgment, plus costs, interest, and reasonable attorneys' fees, pursuant to the Collective Bargaining Agreements, the Trust Agreements, the Guidelines and 29 U.S.C. § 1132(g).

D.   For such further relief as the Court may deem appropriate.

> Respectfully submitted,
>
> **O'DONOGHUE & O'DONOGHUE, LLP**
> 4748 Wisconsin Avenue, N.W.
> Washington, D.C. 20016
> (202) 362-0041 – telephone
> (202) 362-2640 – facsimile
> cgilligan@odonoghuelaw.com
>
> By: _____/s/_____
> Charles W. Gilligan
> Maryland Bar No. 05682
>
> Attorneys for Plaintiffs

235762_1.DOC

# CERTIFICATE OF SERVICE

This is to certify that on this 16th day of September 2013, a copy of the foregoing Complaint was sent by certified first class mail, postage prepaid to:

The Office of Division Counsel
Associate Chief Counsel (TE/GE) CC:TEGE
Room 4300
1111 Constitution Avenue
Washington, DC 20224
Attention: Employee Plans

Secretary of Labor
200 Constitution Avenue, N.W.
Washington, DC 20210
ATTENTION: Assistant Solicitor for
    Plan Benefits Security

/s/
Charles W. Gilligan

235762_1.DOC